UNITED STATES, Appellee

v

ROBERT M. ELWOOD, JR., Specialist Four,
U. S. Army, Appellant

19 USCMA 376, 41 CMR 376

No. 22,447

April 17, 1970

*Captain Thomas R. Maher* argued the cause for Appellant, Accused. With him on the brief was *Colonel Daniel T. Ghent.*

*Captain John C. Lenahan* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Major Edwin P. Wasinger,* and *Captain William R. Steinmetz.*

## Opinion of the Court

FERGUSON, Judge:

In the late evening of June 15, 1968, Patrolman Stevens of Killeen, Texas, Police Department, acting under the authority of a local suspicious persons ordinance, stopped the accused and requested to see his identification. Just prior to alighting from his squad car, Stevens allegedly observed an object drop from the accused's pocket into the grass along the sidewalk. After examining the accused's identification, Stevens returned to the area where the object had fallen and found a small, clear, plastic vial, similar to those which "the Army issues you for APC's and aspirin," inside of which was a vegetable like substance which Stevens believed to be marihuana. He, therefore, placed the accused under arrest and

376

searched him for additional evidence with negative results. The accused was then transported to the Killeen jail and placed in the lockup. The next morning, June 16th, Agent Henson of the Criminal Investigations Detachment, Fort Hood, Texas, was informed by the night duty investigator that the accused had been arrested the previous evening in Killeen for possession of marihuana and that efforts to contact the appellant's unit commander to inform him of the situation had been fruitless. Henson then called the commanding officer, notified him of the appellant's arrest for possession of marihuana and requested and received, from the commanding officer, permission to search the appellant's personal effects at Fort Hood. The resulting search disclosed the presence of marihuana and other drugs in the accused's locker and in one of his boots. We granted review to determine whether the law officer erred by failing to suppress the evidence found in the search of the appellant's barracks property. Defense counsel had objected to its admission at trial on the ground that there was insufficient probable cause to sustain the authorization to search.

The *sole* basis for the authorization to search the accused's barracks property at Fort Hood was the report of his arrest in Killeen, Texas, in possession of a quantity of material believed, on visual inspection by the arresting officer, to be marihuana. According to a deposition from the commanding officer, Elwood had not been suspected of possession of marihuana or other drugs and his record as a serviceman reflected that his last two conduct and efficiency ratings were "Excellent." He had no previous convictions by courts-martial, no record of nonjudicial punishments, and his unit commander considered him an exceptional soldier.

We believe that under the circumstances of this case, there was an insufficient basis on which to ▮▮▮ justify the search. Not every authorized search is a valid search. United States v Penman, 16 USCMA 67, 36 CMR 223 (1966); United States v Hartsook, 15 USCMA 291, 35 CMR 263 (1965); United States v Battista, 14 USCMA 70, 33 CMR 282 (1963); Nathanson v United States, 290 US 41, 78 L Ed 159, 54 S Ct 11 (1933), and the cases collated therein at page 46. As this Court stated in United States v Ness, 13 USCMA 18, 22, 23, 32 CMR 18 (1962):

". . . The crucial element in a search question is the existence of probable cause. Without probable cause an arrest without a warrant is invalid and necessarily a search conducted as an incident to the arrest is also invalid. Similarly, a search based on a warrant is invalid if pro'able cause does not appear in the facts presented to the officer issuing the warrant. See Jones v United States, 362 US 257, 4 L Ed 2d 697, 80 S Ct 725 (1960); Johnson v United States, 333 US 10, 92 L Ed 436, 68 S Ct 367 (1948); United States v Brown, 10 USCMA 482, 28 CMR 48 [1959].

"Probable cause to search exists if the facts and circumstances justify a prudent man in concluding that an offense has been or is being committed. Henry v United States, 361 US 98, 4 L Ed 2d 134, 80 S Ct 168 (1959)."

In United States v Westmore, 14 USCMA 474, 478, 34 CMR 254 (1964), this Court observed:

". . . [T]he mere statement by a criminal investigator that an accused is in custody, suspected of passing worthless checks, does not establish facts from which a commander might find probable cause to exist. United States v Ness [13 USCMA 18, 32 CMR 18 (1962)]; United States v Davenport, . . . [14 USCMA 152, 33 CMR 364 (1963)]."

In the case at bar, the commanding officer was informed by a CID agent that the accused "had been apprehended by Killeen authorities, throwing away a capsule containing a green vegetable matter and that the Killeen authorities had contacted the post or 1st Armored Division MPs." The CID believed that the substance was marihuana. Since

the source of his information was the CID, which he considered reliable, the commanding officer authorized the search solely on the basis of the accused's arrest for possession of marihuana in Killeen, Texas. He believed that this fact was a sufficient basis for believing that the accused might have additional marihuana among his personal effects.

There was no evidence either from the arresting officer or from any other source that the accused might have marihuana or other drugs stored among his personal effects at Fort Hood, a place some four or five miles away from the scene of the arrest,[1] or at any other place. Nor was there any evidence that he had been involved with drugs at any previous time. In point of fact, the accused's standing in the military community, at that time, was spotless.

Unless we are prepared, to hold that the mere fact of such arrest, standing alone, is sufficient evidence to believe that any person, arrested under these circumstances, would probably have additional contraband hidden among his belongings in the place where he lives, we must find that a search conducted on this basis is illegal and its fruits inadmissible in evidence. But we cannot so hold for, it is apparent that such a belief is founded only on mere suspicion and a search authorized on the basis of suspicion alone is illegal. As Mr. Justice McReynolds, speaking for a unanimous Court in Nathanson v United States, supra, said at page 47:

> "Under the Fourth Amendment, an officer may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. *Mere affirmance of belief or suspicion is not enough.*" [Emphasis supplied.]

See United States v Penman; United States v Hartsook; United States v Battista, all supra; and United States v Davenport, 14 USCMA 152, 33 CMR 364 (1963). See also Giordenello v United States, 357 US 480, 2 L Ed 2d 1503, 78 S Ct 1245 (1958), and Aguilar v Texas, 378 US 108, 12 L Ed 2d 723, 84 S Ct 1509 (1964).

Since the evidence obtained in the illegal search of the accused's belongings was the only basis for the accused's conviction of specification 2 of Charge I (possession of marihuana at Fort Hood) and specifications 1 through 3 of Charge II (possession of LSD, Eskatrol, and Dexamyl at Fort Hood), his conviction thereunder must be set aside. The only conviction remaining is specification 1 of Charge I (possession of marihuana at Killeen, Texas). The accused was originally sentenced by the court-martial to a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. The convening authority affirmed the findings but reduced the confinement portion of the sentence to four years. The board of review, because of errors found in the record regarding the computation of the maximum imposable sentence, determined that "only so much of the sentence as provides for a bad conduct discharge, forfeiture of all pay and allowances, and confinement at hard labor for one year is correct in law and fact and should be approved. The findings of guilty and the sentence, as thus modified, are hereby affirmed." Inasmuch as the sentence was originally adjudged on September 13, 1968, and the accused was ordered by the convening authority to be confined in the United States Disciplinary Barracks, Fort Leavenworth, Kansas, it can be assumed that the sentence to confinement has long since been served. Only the execution of the bad-conduct discharge remains.

Ordinarily, a rehearing on sentence

---

[1] Agent Henson testified, and the commanding officer agreed, that it is standard operating procedure at Fort Hood, whenever a serviceman is arrested by civilian authorities for possession of marihuana, for the CID to immediately make a request of the man's commanding officer for authority to search his on-post possessions.

would be in order. However, under the circumstances of this case with regard to the sentence, as outlined above, we believe that justice would best be served by returning this case to the Court of Military Review with instructions to reassess and approve a sentence which does not include a bad-conduct discharge. Cf. United States v Nelson, 18 USCMA 177, 39 CMR 177 (1969).

The decision of the board of review as to specification 2, Charge I, and specifications 1 through 3 of Charge II, and Charge II, is reversed and the specifications and the Charge are ordered dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess and approve a sentence on the basis of specification 1, Charge I, which does not include a bad-conduct discharge.

Chief Judge QUINN and Judge DARDEN concur.