UNITED STATES, Appellee

v

OSCAR P. ALSTON, Private, U. S. Army, Appellant

20 USCMA 581, 44 CMR 11

No. 23,681

June 18, 1971

*Captain Francis X. Gindhart* argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr., Major Alan W. Cook,* and *Captain Monte Engler.*

*Captain Alex B. Shipley, Jr.,* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway,* and *Captain David E. Wilson.*

## Opinion of the Court

DARDEN, Judge:

Tried and convicted on two robbery counts and for the wrongful possession of marihuana, Alston was sentenced to a bad-conduct discharge and confinement at hard labor for five years, the Court of Military Review later reducing the confinement to two years. The subject of this opinion is whether the law officer erred by denying the appellant's motion to suppress evidence obtained through a search and seizure.

According to prosecution witnesses, Alston and his victims lived in the same barracks. On the night of April 1, 1969, Alston apparently left a gathering of friends and intimidated other soldiers in the barracks. Included were Mr. Niedert[1] and Private First Class McMahan. Of the former, Alston demanded his wallet. Without awaiting a response, he pulled a mattress from

under Niedert, who fell to the floor. Alston then shook Niedert's pillow and saw a wallet fall out. From the wallet he removed and kept $22.00.

Appellant Alston then walked over to McMahan and demanded money. When offered the loan of a "couple of dollars," Alston grabbed McMahan's wallet and took $65.00 from it. After slapping Niedert, he cautioned him and McMahan about making trouble, threatening to kill them. He then returned to his own nearby cubicle, turned on his record player, and apparently went to sleep.

Niedert and McMahan reported their loss to First Sergeant Crockett and Captain Thomas, the commanding officer, the following morning. Given the information summarized above, Captain Thomas called the appellant to his office, advised him of his Article 31 rights, and ordered the search of his

---

[1] Formerly a Specialist.

wall locker. Sergeant Crockett, searching the wall locker under the supervision of Captain Thomas, found four $20.00 bills (which were not introduced as evidence in this case) and a brown envelope containing a vegetable substance later determined to be marihuana. Captain Thomas then ordered the appellant to empty his pockets. Alston removed a package of cigarettes, one of which was hand-rolled and which was later found to contain marihuana. The content of the hand-rolled cigarette was introduced at trial against Alston as Prosecution Exhibit 5; the marihuana from the brown envelope was introduced as Prosecution Exhibit 6.

Counsel for Alston contended at trial, as they do now, that the searches described above were unreasonable in that they were made without probable cause and were therefore in violation of the appellant's Fourth Amendment rights.

In determining the probable cause that makes a search reasonable within the meaning of the Fourth Amendment, courts review the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Brinegar v United States, 338 US 160, 175, 93 L Ed 1879, 69 S Ct 1302 (1949) ; United States v Thomas, 16 USCMA 306, 308, 36 CMR 462 (1966).

Ample evidence existed that Alston had committed robbery. Where a victim reports an offense, less corroboration than would otherwise be needed may satisfy probable cause requirements. Cf. United States v Herberg, 15 USCMA 247, 35 CMR 219 (1965). See also United States v Goldman, 18 USCMA 389, 40 CMR 101 (1969). That a search is authorized by the appropriate official does not necessarily establish that there was probable cause, however. United States v Elwood, 19 USCMA 376, 41 CMR 376 (1970), and the cases cited in that opinion.

Captain Thomas testified that Alston was not under arrest before the search.

Hence, the search that occurred here could not be justified as one incident to an arrest.

The testimony of Captain Thomas demonstrates his doubt that the money would be found in the locker. He testified in these terms:

"Q. What time was it you conducted your search, approximately?

"A. Approximately 0900–0930, somewhere in that area.

"Q. Some nine hours after this incident occurred, you conducted a search looking for money?

"A. That is correct.

"Q. Did it seem reasonable to you that Private Alston, if he should have that money, would put it in his locker?

"A. To be truthful, no. I think the man would be more intelligent than that.

"Q. So you are saying that you did not think he would have it up there?

"A. But I thought it was a possibility.

"Q. So you wanted to check?

"A. That is correct."

An official should have more reason for authorizing the search of a particular place than that the item to be searched for was possibly in that place. Since Captain Thomas did not really think the money would be found in Alston's locker, this results in a failure of probable cause. Belief or suspicion is not enough. United States v Dollison, 15 USCMA 595, 36 CMR 93 (1966); United States v Elwood, supra; United States v Clifford, 19 USCMA 391, 41 CMR 391 (1970).

Before the discovery of marihuana in Alston's locker, Captain Thomas had no basis for suspecting that Alston had marihuana in his personal possession. Consequently, the lack of probable cause to search the locker taints the search of Alston's person that resulted in the seizure of a contraband cigarette. United States v McCrary, 18 USCMA

**583**

104, 39 CMR 104 (1969); United States v Moore, 19 USCMA 586, 42 CMR 188 (1970).

Accordingly, the Court of Military Review's decision as to Charge II is set aside and dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty.

Senior Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

An issue of the kind presented by this appeal should not be decided upon the basis of semantics. While Captain Thomas referred to a "possibility," rather than a "probability," of belief that the money taken in the robberies would be found in the accused's locker, his testimony indicates that he truly believed he had reasonable ground for the search. The test for determining the legality of a search is whether the *facts* establish probable cause. A police officer may believe he has ground to conduct a search, but if the facts do not establish probable cause, the search is illegal; similarly, in responding to a particular situation, the police officer may not give any thought to the question, but if the evidence provides a reasonable basis from which it can be concluded that reasonable cause existed, the search is lawful. On the facts here Captain Thomas had probable cause to order the search. Consequently, I disagree with the majority's determination that the search of the locker for the money was unlawful.