UNITED STATES, Appellant

v

TIBOR RACZ, Specialist Four, U. S. Army, Appellee

21 USCMA 24, 44 CMR 78

No. 24,079

July 23, 1971

*Captain Benjamin P. Fishburne, III,* argued the cause for Appellant, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway,* and *Captain Richard K. Bank.*

*Captain Bernard J. Casey* argued the cause for Appellee, Accused. With him on the brief was *Colonel George J. McCartin, Jr.*

## Opinion of the Court

QUINN, Judge:

Reviewing the accused's conviction for a number of offenses, including wrongful possession of a large quantity of marihuana and a separate charge of wrongful possession of opium, the United States Army Court of Military Review determined that a search of the accused's living quarters conducted by his commanding officer was illegal because not predicated on probable cause. As a result, the court dismissed the opium specification and modified the marihuana specification by reducing the quantity to accord with evidence indicating earlier possession of a lesser amount of the substance. By certificate for review, the Judge Advocate General of the Army requested review of the correctness of the court's decision.

Evidence indicates that the accused's commanding officer unexpectedly discovered him in a defense bunker in the company area in the Republic of Vietnam. It appears with reasonable probability that the accused was smoking marihuana through a water pipe fashioned from a liquor bottle, an expended M-79 cartridge, aluminum tubing, and aircraft hydraulic bits. As a result, the commander searched the accused. According to his testimony, he discovered a small plastic vial of the kind "issued by the dispensary" in one of the accused's trouser pockets. The vial contained "some green dried vegetable matter." Although he did not directly identify the vegetable matter as marihuana, it can fairly be concluded from the commander's testimony as to his previous experience with the substance that he had at least probable cause to believe it was. The water pipe and the vial were seized, and the accused was escorted to the orderly room. About fifteen minutes later, the commander, accompanied by the accused and other squadron personnel, proceeded to the accused's room. A thorough

24

search was made, and various articles were seized, including a small glass bottle containing a "brown liquid" and two plastic bags containing "green vegetable matter."[1] Subsequent analyses indicated that the brown liquid was opium and the green vegetable matter was marihuana.

At trial, Government counsel argued, and the trial judge agreed, that the "things . . . found" in the bunker provided "probable cause for . . . a search of the accused['s] living area." Relying upon United States v Elwood, 19 USCMA 376, 41 CMR 376 (1970), and United States v Moore, 19 USCMA 586, 42 CMR 188 (1970), the Court of Military Review determined that in the circumstances of the case the presence of incriminating evidence in the bunker did not provide probable cause to search the accused's room.

In this Court, Government counsel contend that the Court of Military Review's reliance on the cited cases is misplaced. They argue that a soldier "in a combat zone has only a single place in which to store his possessions, to wit: his living area" so that it may fairly be inferred that "someone found smoking . . . and possessing . . . marihuana in a bunker at a base camp in Vietnam is quite likely to have further marihuana stored in his living area." Assuming, without deciding, the correctness of the Government's premise, its conclusion does not follow with reasonable probability.

There is some evidence to indicate that, shortly before the bunker search, the commander received a report that the accused had been seen coming into the company area with a large paper bag, but the commander admitted he "never really attached much significance to it." Also, testimony by the accused's platoon sergeant indicates there had been "scuttlebutt" regarding the smoking of marihuana in the company area, but the witness admitted the accused was not "specifically" involved and that he had no reason to "think that he might be." As in United States v Elwood, supra, at page 378, there was no "evidence that . . . [the accused] had been involved with drugs at any previous time." The quantity of marihuana in the accused's possession and the nature of its container do not justify a conclusion that he probably had the contraband in his personal quarters. Cf. dissenting opinion in United States v Moore, supra.

The certified question is answered in the affirmative, and the decision of the Court of Military Review is affirmed.

Chief Judge DARDEN and Senior Judge FERGUSON concur.

---

[1] Neither the commander nor others participating in the search identified the contents of the glass bottle other than as a "brown" or "brownish" liquid; no one testified as to its probable nature as a narcotic. Since the Court of Military Review concluded that the search was illegal, it apparently did not consider it necessary to determine separately the legality of the seizure of the bottle. See United States v Burnside, 15 USCMA 326, 332, 35 CMR 298 (1965).