UNITED STATES, Appellee

v

FREDDIE R. ATKINS, Private, U. S. Army, Appellant

22 USCMA 244, 46 CMR 244

No. 26,153

April 27, 1973

*Captain Gilbert J. Weller* argued the cause for Appellant, Accused. With him on the brief were *Colonel Arnold I. Melnick, Lieutenant Colonel Matthew B. O'Donnell,* and *Captain John D. Lanoue.*

*Captain Richard A. Karre* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Glenn R. Bonard,* and *Captain Richard L. Menson.*

## Opinion of the Court

DARDEN, Chief Judge:

This case presents the question whether the military judge erred prejudicially in denying a defense motion to suppress evidence found on the accused's person during a search incident to an allegedly unlawful apprehension.

At approximately 11:30 p.m. on March 9, 1971, Specialist Four James F. Martin and his partner were on a military police patrol of the bunker

line at Chu Lai, Vietnam. Martin heard a burst of automatic weapon fire from bunker 506. Some time elapsed while he obtained permission from the appropriate officer to investigate the firing, but Martin eventually entered the bunker.

He observed a number of expended cartridge cases on the floor and two men, both of whom were asleep. Automatic rifles were propped up near each of them. Martin examined both of the rifles. One was clean and showed no signs of having been fired. The rifle by the accused smelled as if it had been recently discharged, and there was carbon on the bolt. Martin concluded that the weapon had been fired at least once.

Martin awoke the accused, asked him "if that was his rifle and he said yes." Martin then advised the accused of his rights and again questioned him. The accused once more stated that the rifle was his and that "he fired it accidentally about nine o'clock."

Specialist Martin apprehended the accused for unlawful discharge of a firearm and searched him. Martin discovered seven hand-rolled cigarettes and a cigarette case containing 12 vials of a white powder in the accused's pockets. Counsel stipulated at the trial that the cigarettes contained a trace of marihuana and that the vials contained heroin.

Martin admitted that he suspected the accused of having fired his weapon when he initially asked him if the rifle that had been fired was him. He conceded that he did not advise the accused of his rights before making this first inquiry. He also stated that he would not have apprehended the accused without the admission that it was his rifle, for "There was nothing I could apprehend him for if he said that it wasn't his weapon." The military judge excluded the statement from evidence, but admitted the items found during the search of the accused's person.

Appellate defense counsel attack the validity of Martin's search of the accused's person on two bases. First, they urge that the existence of probable cause to arrest the accused must be viewed through Martin's eyes. Since he stated that he would not have apprehended the accused absent the unwarned admission that the rifle was his, the defense concludes that probable cause for the apprehension and search cannot be found without impermissibly depending on the unwarned admission. Assuming that probable cause existed for the apprehension without considering the admission, counsel further contend that the search of the accused's pockets was too broad in light of the fact that he was apprehended only for unlawful discharge of a firearm.

In response, the Government relies on our decision in United States v Brashears, 21 USCMA 552, 45 CMR 326 (1972), as authority for the proposition that the search was not too extensive. The Government also argues that the defense position that, without the unwarned admission, Martin would not have apprehended the accused is essentially an application of the "but for" test regarding tainted Governmental activities that was rejected by the Supreme Court in Wong Sun v United States, 371 US 471, 9 L Ed 2d 441, 83 S Ct 407 (1963).

■ The record establishes that Martin relied not only on the circumstances that existed in the bunker but also on the statement that he obtained from the accused without proper warning in order to effect his apprehension. In Martin's view, no basis existed for the accused's apprehension without the accused's admission that the rifle was his weapon. The unwarned statement therefore was used as an essential part of the probable cause for the accused's apprehension and was an exploitation of improperly obtained evidence.

As the Government points out, Wong Sun v United States, supra, rejects the concept that a "but for" test is to be applied in determining whether otherwise admissible evidence is the fruit of improper Government activities. The proper standard

is " 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' " 371 US at 488.

In the present case, we entertain no doubt that the apprehension and search incident to it was a direct exploitation of the accused's unwarned statement. Martin testified to this effect when he stated there would have otherwise been no reason to apprehend the accused. Evidently he did not regard the other circumstances he had observed as enough to amount to probable cause for taking the accused into custody. Cf. United States v Alston, 20 USCMA 581, 44 CMR 11 (1971). This is not an application of the "but for" principle but one of reliance by the Government's agent upon an improperly obtained admission as the controlling factor in obtaining direct evidence of the accused's guilt. Wong Sun v United States, supra. We conclude that the search incident to the accused's apprehension was a result of the statement that Martin obtained from him without proper warning and that its fruits were inadmissible in evidence. As a consequence of this decision, we need not consider the other contentions of the parties.

The findings of guilty are set aside and the decision of the Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge QUINN concurs.

DUNCAN, Judge (dissenting):

I would affirm the findings and sentence on the basis of the opinion of the United States Army Court of Military Review, United States v Atkins, 46 CMR — (ACMR 1972).