UNITED STATES, Appellee

v

PAUL SALATINO, Private U. S. Army, Appellant

No. 26,796

December 21, 1973

*Captain Thomas Barry Kingham* argued the cause for Appellant, Accused. With him on the brief was *Colonel Arnold I. Melnick.*

*Captain R. Craig Lawrence* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Major Thomas P. Burns, III, Captain Stan L. Spangler, Captain Thomas M. McCullough,* and *Captain Richard L. Menson.*

## OPINION OF THE COURT

DARDEN, Chief Judge:

At issue in this case is an authorization to search that would be inconsequential but for a change in testimony by the witness who had initially supplied the probable cause for the search. A search of the accused's wall locker, bunk, barracks area, and automobile was authorized by the accused's commander, Captain Duck, principally from information supplied to him by an informant, Specialist Four Sondegaard. Sondegaard told Captain Duck he saw the accused on the previous evening. The accused was in an orange VW parked in a lot beyond the troop billets. He was using a small silver scale to weigh a portion of white powder which Sondegaard believed to be a drug. The accused packaged several portions of the powder in tinfoil and hid them in specified places in the automobile. The witness also saw the accused put a gun, described in detail, into the car's glove compartment. He also repre-

sented that he knew the accused sometimes carried the gun on his person. The search of accused's automobile led to the discovery of a gun, the subject of a charge of failing to register it according to regulations. Amphetamines were also found in the car, and their possession in violation of regulation was also charged against the accused. Seized from the accused's locker and admitted into evidence on a charge of wrongful possession was a pipe with residue of marihuana. Also admitted into evidence was marihuana found during a search of the accused's person after he was taken into custody.

The accused objected to the admission of all the evidence seized during these searches on the grounds that probable cause to order them was lacking. The military judge overruled the objection and admitted the evidence.

Later, during the defense case-in-chief, Sondegaard was called as a witness. He testified he was now sure it was not the

accused he had seen in the automobile as he had previously told Captain Duck. The person he saw in the car had blond hair but the accused did not, a fact which Sondegaard indicated he did not know before the trial, notwithstanding his testimony he had seen the accused previously in his quarters. "Well, you wear a baseball cap when you're in the Army, you know," was the only attempt he made at explaining this factual discrepancy. Sondegaard, who at the time of his initial disclosures was himself awaiting trial for charges of possession and sale of LSD and marihuana, further testified to the effect that he was scared by the CID, who had told him he would receive a light sentence by helping them, which he tried to do.

■At trial, the defense did not specifically relate Sondegaard's testimony to the validity of Captain Duck's authorization to search. The legality of the searches had already been litigated in an Article 39(a) session for the defense. After Sondegaard testified, no ruling was requested as to whether his testimony effectively controverted the authorizations to search previously made on the basis of his earlier statements to Captain Duck. But we need not decide whether the probable cause determinations of a commander authorizing a search may be controverted at trial by demonstrating that the facts presented to such a "magistrate" were erroneous, or whether such controversion was effectively waived in this trial, for the appellant in this Court has conceded that "the issue of the admissibility of all the exhibits was framed by a full exposition of the facts presented to the military judge during the course of the trial." Thus, even though the defense at trial may not have specifically objected to the admission of evidence on the grounds that the information known to the commander authorizing the search had been controverted by the trial testimony of the informant, the appellant's concessions in his brief before this Court establish that no further factual litigation at the trial level is necessary to resolve any objections to the search procedures involved in this case. Consequently, we move to the merits of the various searches.

■ The authorization to search the accused's automobile was supported by probable cause. Sondegaard was an eyewitness to the events he related to Captain Duck, and his information would lead a reasonable man to believe that the occupant of the vehicle was involved in the wrongful possession of contraband drugs and of an unregistered weapon, and that these items might still be in the automobile. The available facts and circumstances would "justify a prudent man in concluding an offense has been committed" and that evidence of the crime would be found at the place to be searched. United States v Ness, 13 USCMA 18, 23, 32 CMR 18, 23 (1962); Manual for Courts-Martial, United States, 1969 (Rev), paragraph 152. Moreover, Sondegaard's reliability as an informant was adequately established to Captain Duck's satisfaction, by virtue of the witness's demeanor, his 201 file, and the representations of the CID that he had been used as an informant in the past. Nothing in Sondegaard's trial testimony contradicted the events he saw in the car; only the identity of the occupant was recanted. Under these circumstances, we believe that the automobile could properly be searched for the weapon and suspected contraband drugs, even though the occupant may have been misidentified, for the identity of the occupant was irrelevant to the search of the automobile for contraband drugs and a firearm. Therefore, the items seized during the search of the appellant's car (the amphetamine of specification 1, Charge I, and the .38-caliber pistol of specification 2, Charge I) were properly admitted in evidence.

■ The authorization to search the accused's locker, however, was unlawful, and the pipe with marihuana residue seized from it should not have been admitted into evidence. The official authorizing the search was not provided with any information that would indicate that the suspected contraband drugs and the suspected unregistered firearm seen by the witness Sondegaard in an automobile were to be found in the accused's locker. In authorizing a search of a soldier's living quarters, "[a]n official should have more reason . . . than that the item to be searched for was possibly in that

place." United States v Alston, 20 USCMA 581, 583, 44 CMR 11, 13 (1971). See United States v Walters, — USCMA —, — CMR — (December 14, 1973); United States v Troy, 22 USCMA 195, 46 CMR 195 (1973); United States v Sam, 22 USCMA 124, 46 CMR 124 (1973); United States v Gibbins, 21 USCMA 556, 45 CMR 330 (1972); United States v Racz, 21 USCMA 24, 44 CMR 78 (1971). For this reason, Prosecution Exhibit 3, a pipe with marihuana residue seized from the accused's locker, was improperly received in evidence in violation of the accused's rights to be free of unreasonable searches.

■■ Although the appellant was patted down for weapons at the time of his arrest before the search of his living quarters and automobile, he was later subjected to a strip search of his person at the CID office, during which a small packet of marihuana was found inside a pocket of the accused's fatigue shirt. This contraband was received into evidence as Prosecution Exhibit 6B. While it is true that a search of the accused's person had not been specifically authorized by Captain Duck at the time he authorized the search of the accused's living quarters and automobile, the use of the evidence in question may be upheld if justified on other grounds. Under the circumstances of this case, so long as the accused was validly in the custody of the authorities for alleged criminal conduct, he was subject to being searched in the manner and place as in this case. See United States v Brashears, 21 USCMA 552, 45 CMR 326 (1972). The same information that established probable cause to search the appellant's car also established probable cause to arrest him for the unlawful possession of contraband drugs and an unregistered firearm, as Captain Duck and the CID agents indeed did before undertaking the various searches discussed in this opinion. Because the marihuana lawfully seized in this search of his person was pleaded in Charge II's specification together with the marihuana residue in a pipe unlawfully seized from his locker, the error in the seizure of the pipe from the accused's locker is without prejudice to the accused.

■ The inordinate delay in the completion of appellate review is harmless in the absence of other errors requiring reversal. United States v Timmons, 22 USCMA 226, 46 CMR 226 (1973); United States v Prater, 20 USCMA 339, 43 CMR 179 (1973).

Accordingly, the decision of the U. S. Army Court of Military Review is affirmed.

Judges QUINN and DUNCAN concur.