UNITED STATES, Appellant

v

ARMANDO LLANO, JR., Private First Class, U. S. Army,
Appellee

No. 28,100

June 14, 1974

*Captain William C. Kirk* argued the cause for Appellant, United States.
With him on the brief were *Lieutenant Colonel Ronald M. Holdaway,
Lieutenant Colonel Donald W. Hansen,* and *Captain David A. Schlueter.*

*Captain Allan L. Placke* argued the cause for Appellee, Accused. With
him on the brief were *Colonel Arnold I. Melnick* and *Captain Robert C.
Mueller.*

## OPINION OF THE COURT

DUNCAN, Chief Judge:

The accused, tried by special court-martial, was convicted of possession of heroin, and sentenced to a bad-conduct discharge, forfeiture of $200 per month for 5 months, confinement at hard labor for 5 months, and reduction. The sentence was approved below, but the U. S. Army Court of Military Review set aside the findings and sentence on the basis that the evidence against the accused was obtained by an illegal search and seizure. The Acting Judge Advocate General, U. S. Army, has certified the correctness of that decision here.

On May 10, 1973, a "reliable source" informed Captain Lynn B. Elliott that "some personnel were shooting up in the latrine in the barracks building." The informant told Captain Elliott that the group included the accused, that he had observed them "heading out of the room and going to the latrine with their kit and the things to shoot up with." This was alleged to have occurred daily at approximately 6:30 a.m., 12:30 p.m., and 6:00 or 6:30 p.m.

At approximately 7:30 a.m. on May 11, the informant again came to Captain Elliott and repeated the information. Elliott decided to investigate. Gathering others in the company, he stationed himself and them in a position from which the latrine could be observed.

The group watched the latrine from approximately 11:30 a.m. until 12:30 p.m. Nothing happened, and Elliott "figured that we struck out."

The group then began to look in various rooms in the billets. The accused was seen in his room, and they walked into another room from which he could be observed. Accused was seen to walk towards the latrine with something in his hand. When he did not return within a few minutes, Captain Elliott entered the latrine and observed feet under the partition of one of the stalls.

Elliott climbed on a radiator and peered into the stall. He saw the accused and observed traces of blood in the commode. He ordered the accused out of the stall and told him not to flush the commode. Captain Elliott returned the accused to his room, discovered what appeared to be a fresh needle mark on his arm and searched his person. The search disclosed the presence of a small amount of heroin and the paraphernalia necessary to administer it.

The Government contends that the foregoing facts, furnished by a reliable informant, plus the Captain's own observations, constituted sufficient probable cause to apprehend and search the accused. We disagree.

■ As has often been stated, two things must be shown in order for information given by an informant to furnish a sufficient foundation for an arrest or exercise of authority to search. First, there must be circumstances laid out on the record tending to prove the reliability of the informant. Secondly, there must be circumstances demonstrating that the items sought to be seized were on the person of the individual apprehended or at the place to be searched. Aguilar v Texas, 378 US 108 (1964); United States v Stackhouse, 23 USCMA —, 48 CMR — (June 14, 1974); United States v Scarborough, 23 USCMA 51, 48 CMR ·522 (1974); United States v Lidle, 21 USCMA 455, 45 CMR 229 (1972).

■ In this case, the record is totally devoid of any of the underlying circumstances that led Captain Elliott to believe that his informant was reliable. He referred to him only as a member of his unit whom he considered to be a reliable source. In this respect, his testimony is remarkably similar to the affidavit of reliability rejected by the Supreme Court in Aguilar v Texas, supra.[1] The Court of Military Review thus correctly concluded that Captain Elliott's testimony concerning the information furnished him could not be considered as establishing probable cause for the accused's arrest and search, for the informant's reliability was not shown. Indeed, Elliott's own testimony establishes, as to that information, that he thought he had "struck out."

---

[1] " 'Affiants have received reliable information from a credible person . . . .' " *Id.* at 109.

■ The remaining evidence to sustain Captain Elliott's apprehension and search of the accused consists of what he observed when he peered over the partition of the toilet stall and his later examination of the accused's arm. Pretermitting any question of the invasion of accused's privacy by Elliott's peering into the stall, see Brown v State, 3 Md App 90, 238 A2d 147 (1968); Britt v Superior Court of Santa Clara County, 58 Cal 2d 469, 24 Cal Rptr 849, 374 P2d 817 (1962); Bielicki v Superior Court of Los Angeles, 57 Cal 2d 602, 21 Cal Rptr 552, 371 P2d 288 (1962), all that Captain Elliott observed was traces of blood in the commode. Such does not amount to more than mere suspicion and could not justify the accused's apprehension and search. United States v Gibbins, 21 USCMA 556, 45 CMR 330 (1972); United States v Alston, 20 USCMA 581, 44 CMR 11 (1971). The needle mark was not discovered until accused had been ordered to return to his room and thus effectively apprehended. See United States v Florence, 1 USCMA 620, 5 CMR 48 (1952). Assuming that its discovery added a sufficient circumstance to Captain Elliott's previous observations to convert suspicion into probable cause, it came too late. At that time, the accused had been taken into custody, and the subsequent examination of his arm cannot serve to validate his prior apprehension. United States v Thomas, 4 CMR 729 (AFBR 1952). As was stated in Johnson v United States, 333 US 10, 16 (1948):

Thus the Government is obliged to justify the arrest by the search and at the same time to justify the search by the arrest. This will not do.

The certified question is answered in the affirmative and the decision of the U. S. Army Court of Military Review is affirmed.

Senior Judge FERGUSON concurs.

Judge QUINN concurs in the result.