# UNITED STATES

v.

## Airman First Class Stephen L. HATFIELD, FR 228–94–4738 United States Air Force.

### ACM S24796.

U. S. Air Force Court of Military Review.

Sentence Adjudged 8 June 1979.

7 Feb. 1980.

---

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Robert P. Hailey. Captain Russell A. Friemel filed a brief on behalf of the accused.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

The accused was charged with possession of methamphetamine on three separate occasions, violations of Article 92, Uniform Code of Military Justice. The appellate defense counsel contend that the search of the accused's car which provided the evidence in support of the earliest charge was unlawful in that insufficient information as to probable cause was provided the magistrate authorizing the search.

The record shows that the base commander, acting as a magistrate, was told by the Air Force Office of Special Investigations (OSI) agent that he "saw four white pills—I don't know what they were—on the console of Airman Hatfield's vehicle, and what I believed to be a vial which contained, or might contain, Methamphetamine in the driver's seat of the vehicle." Earlier in the day the magistrate had authorized a search of the accused's room, but neither the basis for that search nor the results thereof were in evidence. However, he did recall that he "was called on the telephone by a Special Agent of the OSI who told me that he had been informed, through an informant, that narcotics were present in the room."

An authorization to search must be justified by facts presented to the magistrate that would lead a reasonable, prudent person to conclude that the matter for which the search is to be made constitutes evidence relevant to a crime, and that the matter is at a specific place or on the person to be searched. Stated otherwise, the facts known to the issuing officer must establish probable cause for the search. *United States v. Hennig*, 22 U.S.C.M.A. 377, 47 C.M.R. 229 (1973); *United States v. Alston*, 20 U.S.C.M.A. 581, 44 C.M.R. 11 (1971). Probable cause to search can be based on information from an informant, if he is shown to be "reliable" and the "basis of his knowledge" is revealed to the magistrate. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). If the information from an informant is inadequate or

does not meet the test in *Aguilar*, it may still be used in conjunction with independent evidence to establish probable cause. When independent facts are highly suspicious and come very close to establishing probable cause, an inadequate informant's tip may be used to bridge the gap. *United States v. Alejandro*, 527 F.2d 423 (5th Cir. 1976).

■ The fact that an OSI agent saw four white pills and a small vial clearly visible in the accused's car is insufficient to lead a reasonable, prudent person to conclude the accused was wrongfully in possession of illegal drugs. Perhaps a more thorough description of the pills or the small vial, which was nothing more than a small pill bottle of the type commonly issued by pharmacies and dispensaries, may have indicated some particular characteristic from which illegal possession could be inferred, but in this case no other description was given.

Coupling the facts presented to the magistrate with the informant's information still does not establish probable cause. Here the information gained from the informant can be given no more credit than a tip from an unknown source that the suspect at one time and at another place allegedly possessed drugs. There is a possibility that the magistrate was originally provided additional information about the informant and that this information may have described particular drugs, containers or locations, but such information was not in the record of trial. Therefore, we find that the record does not contain sufficient information to establish probable cause upon which to authorize the search of accused's car.

The influence of the search was not limited to the single specification in which the fruits of the search were charged, since the methamphetamine found in the car was also used to corroborate the accused's confession to subsequent possessions of that drug. We are also concerned that the confession itself may have been tainted by the illegal search. *Wong Sun v. United States*,

371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *United States v. Samora*, 6 M.J. 360 (C.M.A.1979).

According, the findings of guilty and the sentence are set aside. A rehearing may be ordered.

HERMAN, Senior Judge, concurs.

MILES, Judge (dissenting):

I disagree with the conclusion of my learned brothers that the record contains insufficient information to establish probable cause to search the accused's car, thus holding a vial found in the car, containing methamphetamine, to have been improperly seized. The person who must determine the existence of probable cause must do so on the basis of the total information provided to him in the light of the practical circumstances surrounding the decision to search. *United States v. Wade*, 1 M.J. 600 (A.C.M.R. 1975), *pet. denied*, 5 M.J. 91 (C.M.A.1978). Information furnished the search authorizing official is not intended to establish the existence of guilt, either *prima facie*, or beyond a reasonable doubt, but only that the probabilities weigh in the government's favor and thus justify the invasion of privacy. *United States v. Weekley*, 3 M.J. 1065 (A.F.C.M.R.1977). Here, these circumstances included current information from an informant that the accused had drugs in his room as well as the existence, in plain view, of four white pills and a distinctive small brown vial in the accused's car. The commander, partly relying on the OSI agents' experience with narcotics, authorized the search. Under the circumstances the commander had sufficient information to justify the search of the accused's car. *United States v. Brown*, 21 U.S.C.M.A. 522, 45 C.M.R. 296 (1972).