## UNITED STATES

v.

## Sergeant Kurt L. WHITING, FR 002–44–2294, United States Air Force.

### ACM 22521.

U. S. Air Force Court of Military Review.

Sentence Adjudged 5 Feb. 1979.

Decided 28 May 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

POWELL, Senior Judge:

Tried by a general court-martial with members, the accused was convicted, despite his pleas, of stealing mail matter, having unauthorized possession of classified documents and failing to obey a general regulation by taking classified documents off base, violations of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 892. The adjudged and approved sentence extends to dishonorable discharge, forfeitures of all pay and allowances, confinement at hard labor for one year and reduction to airman basic.

At trial, the defense objected to the admission of evidence obtained during a search of the accused's off-base apartment in Germany. The bases for the challenge to the search were: (1) the commander who authorized the search was not a neutral and detached magistrate, (2) the commander could not authorize the search because he lacked authority over the accused, (3) the authorization was not supported by probable cause, and (4) there was no compliance with provisions of international agreements requiring notification to German authorities. On initial review, specifically limiting our decision to agreement with basis (4), we set aside the findings and sentence and ordered a rehearing. *United States v. Whiting*, 9 M.J. 501 (A.F.C.M.R.1980). The Judge Advocate General certified the question of the illegality of the search to the Court of Military Appeals. Similarly limiting its opinion to the precise issue decided by us, the Court determined the question, reversed our decision and returned the case for further review. *United States v. Whiting*, 12 M.J. 253 (C.M.A.1982). Under this mandate, we now consider the remaining bases for the defense's objection to the evidence.

The facts surrounding the search are uncomplicated and, as extracted by the Court of Military Appeals, are as follows:

On May 19, 1978, agents of the Air Force Office of Special Investigations (OSI) learned from an Air Force master sergeant that his wife, a German national, had discovered in a storage room of her parents' home some plastic bags containing items which appeared to be United States mail matter and classified documents. This storage room was near to, but separated from, the off-base apartment of appellant, who was stationed at

Rhein-Main Air Base; he shared its use with his landlord.

The OSI agents conducted a search of the storage room with the consent of the landlord and confirmed the report they had received. After being briefed by the agents, Colonel Berg, the Rhein-Main Base Commander, authorized a search of appellant's apartment, where they seized two United States mail bags and a jewelery box containing a ring embossed "United States Navy."

*Id.* at 253.

■■■ We find that Colonel Berg was a neutral and detached magistrate and, as Rhein-Main Base Commander, could authorize the search of the accused's off-base apartment. The sole issue now unresolved on appeal is whether the search was authorized upon probable cause. We conclude it was not. We set aside the findings and sentence and order a rehearing.

■■■ The question of whether a search is supported by probable cause is determined by assessing only those facts known to the issuing officer. *United States v. Clifford*, 19 U.S.C.M.A. 391, 41 C.M.R. 391 (1970). Probable cause is established if those facts would lead a reasonable, prudent person to conclude that items which are properly the subject of the search are located in the place or on the person to be searched. *United States v. Hennig*, 22 U.S. C.M.A. 377, 47 C.M.R. 229 (1973); *United States v. Burden*, 5 M.J. 704 (A.F.C.M.R. 1978), *affirmed*, 11 M.J. 151 (1981). However, mere suspicion alone is not a sufficient foundation for finding probable cause, *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); *United States v. Gibbins*, 21 U.S.C.M.A. 556, 45 C.M.R. 330 (1972), and an official should have more reason for authorizing the search of a particular place than that items sought may possibly be found in that place. *United States v. Salantino*, 22 U.S.C.M.A. 530, 48 C.M.R. 15 (1973); *United States v. Alston*, 20 U.S.C.M.A. 581, 44 C.M.R. 11 (1971). Furthermore, probable cause requires more than the joinder of the likelihood that a person would use the place to be searched

to conceal items he does not wish discovered with the suspicion that he has committed a crime. *United States v. Sam*, 22 U.S.C. M.A. 124, 46 C.M.R. 124 (1973).

Colonel Berg, the officer issuing the search authorization, knew that the accused was assigned to the Aerial Port Squadron and had previously worked as a Fleet Services driver. Although that squadron handled mail matter which could include classified documents, Fleet Services drivers neither signed for registered mail nor routinely worked with classified information. While the accused was on leave away from his duty section and his off-base apartment, classified documents and mail matter were discovered in a storage shed near the apartment. Colonel Berg was not aware of any reports that this or any additional classified material was missing and, except for their unauthorized location, he did not know the status of the documents found. His primary concern was their improper release and even though he had no information that anybody had been in the apartment and had seen "like-type material," he authorized the search. He summarized his conclusions in his testimony.

I knew the documents didn't belong in his storage house, or in the storage place. Based on his function as a Fleet Service driver, he had no responsibility to sign for or to possess classified documents and I knew that the residence of an individual is not the proper place for storage of classified documents. I did not at the time know where all the documents came from. I did not know because we had no idea how many documents. That, to my way of thinking, was immaterial at the time. The idea was that there were classified documents there and it was our responsibility to go out, to gather up those documents, and return them to safekeeping, the proper place for classified documents. This isn't just a commander's responsibility; this is an individual's responsibility.

We find that the speculation that if some classified documents or mail matter were missing the material might be found in the

accused's apartment, simply does not constitute probable cause. *United States v. Racz,* 21 U.S.C.M.A. 24, 44 C.M.R. 78 (1971); *United States v. Sam, supra; United States v. Troy,* 22 U.S.C.M.A. 195, 46 C.M.R. 195 (1973). We conclude that the evidence was obtained as a result of an unlawful search and seizure and was inadmissible against the accused. Again, we can not conclude that the erroneous admission of this evidence was harmless. *United States v. Whiting,* 9 M.J. 501, 505 (A.F.C.M.R.1980).

The dissenting opinion herein suggests that the circumstance that the subject of the search was classified material is a factor deserving weighted consideration. It also invites a comparison of this case with *United States v. Cascio,* 16 C.M.R. 799 (A.F.B.R.1954), *pet. denied,* 18 C.M.R. 333 (1955).

We understand the base commander's concern for the proper safekeeping of classified documents. *United States v. Whiting,* 9 M.J. 501, 504 n.10 (A.F.C.M.R.1980). Although this concern may dictate an overriding need for a search (without regard to criminal prosecution), it does not (1) obviate the requirement for probable cause, (2) legitimize an otherwise unlawful search, or (3) constitute an exception to the exclusionary rule, so as to make the fruits of the search admissible in evidence against an accused at his trial. *Cf. Cooke v. Orser,* 12 M.J. 335 (C.M.A.1982). Our review of *United States v. Cascio, supra,* discloses that there the Office of Special Investigations (OSI), as a part of investigating the accused's involvement in a conspiracy to sell a classified document to the enemy, permitted a "missing," but identified, secret document to actually be delivered to the accused. The OSI knew that the accused had offered to sell secret information and was about to do so. Shortly after the accused's apprehension at his residence, authorities removed his footlocker therefrom. The document sought was later taken from this footlocker. These facts are clearly distinguishable from the case under review.

The findings and sentence are set aside. A rehearing is ordered.

MILLER, Judge, concurs.

HODGSON, Chief Judge, dissenting:

I view the evidence in a different light than do my brothers. In my opinion the totality of the facts known to Colonel Berg justified his authorizing a search of the accused's quarters. The federal courts have held: 1) only a probability of criminal conduct need be shown, 2) standards less rigorous than rules of evidence determine sufficiency, 3) common sense controls, and 4) great deference should be shown by the courts to a magistrate's determination of probable cause. *United States v. Koonce,* 485 F.2d 374 (8th Cir. 1973); *United States v. Pike,* 523 F.2d 734 (5th Cir. 1975) n. 4, 738. In *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965) the United States Supreme Court strongly supported the preference to be accorded searches under a warrant, indicating that in a doubtful or marginal case of probable cause a search under a warrant may be sustainable where without one it would fail. Finally, in my view, the classified nature of the material searched for is a factor to be weighed. *Compare United States v. Cascio,* 16 C.M.R. 799 (A.F.B.R.1954), *pet. denied,* 18 C.M.R. 333 (1955).

Since the search of the accused's room was, in my judgment lawful, I would sustain the conviction.