UNITED STATES

v.

**First Lieutenant Thomas A. KABELKA,**
040–48–8080 FV, United States
Air Force.

**ACM 28116.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 24 Aug. 1989.

Decided 10 May 1990.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Captain Mark R. Land.

Appellate Counsel for the U.S.: Colonel Joe R. Lamport; Colonel Robert E. Giovagnoni; Major Terry M. Petrie; Major Paul H. Blackwell, Jr. and Captain Thomas E. Wand.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant was convicted by a general court-martial, pursuant to his guilty pleas, of two specifications of possession of marijuana in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. He was sentenced by members to a dismissal, confinement for six months, and forfeiture of $1,263 per month for six months.

Prior to entering pleas, the appellant moved to suppress marijuana residue that was found in his on-base quarters pursuant to a search authorized by the base commander. The marijuana seized was the basis for Specification 2 of the Charge. The military judge denied the motion and approved the appellant's conditional guilty plea to that specification. R.C.M. 910(a)(2). The issue was therefore preserved for appeal and is now before us. *United States v. Forbes,* 19 M.J. 953 (A.F.C.M.R.1985).

The base commander authorized a search of the appellant's quarters for "any and all illegal drugs and/or paraphernalia associat-

ed with the use, possession and transfer of illegal drugs" based on information provided to him by an Office of Special Investigations agent. The agent later memorialized the information in a Search Authority Memorandum, which states the following:

A. On 21 Apr 89, I the undersigned, received the following information from JERRY R. MUSSON. He stated he had been living at 1005½ W. Main St, Urbana, IL, since early Apr 89. Since that time he has suspected ARTHUR BLEVENS III, AKA: SANDY, of selling controlled substances. MUSSON based this on the number of people visiting SANDY for short periods of time and phone calls to him when the callers would not leave a message. MUSSON stated on 18 Apr 89, a white male, approximately 6'2" to 6'3", medium build, came to see SANDY. While there the male identified himself as "TOM" and stated he was a Lieutenant in the Air Force in charge of the Drug and Alcohol Program for his unit. TOM would come there an average of two times a week, Tuesday and Friday, and had called several times. TOM would spend a short time with SANDY in his room and then leave. On 18 Apr 89, SANDY was not home when TOM arrived. TOM asked where SANDY kept his stash. MUSSON didn't know but suggested it might be in SANDY'S room. TOM went into SANDY'S room then left a short time later. When SANDY returned the next morning, he complained his "stash" was missing.

B. On 21 Apr 89, an undercover police officer from the Inter–Agency Task Force (ITF), along with SAs [special agents] CASSANO and BROWN, went to MUSSON'S residence. At approximately 1950, SUBJECT entered the residence asking for SANDY. He was informed that SANDY was not there but that the officer was waiting for him. Also, since (sic) SANDY had purchased a product from him and still owed the officer money. SUBJECT stated he was on the purchasing end of SANDY'S business. SUBJECT agreed to purchase $5.00 worth of marijuana from the officer and helped the officer measure out the mari-

juana. Once SUBJECT had paid for the marijuana, the officer identified himself at which time I entered the room, identified myself and placed him under apprehension. SUBJECT was searched incident to apprehension and transported to AFOSI by SAs BROWN and WEEKES.

[1, 2] "The question of whether a search is supported by probable cause is determined by assessing only those facts known to the issuing officer." *United States v. Whiting*, 13 M.J. 804, 806 (A.F.C. M.R.1982), *citing United States v. Clifford*, 19 U.S.C.M.A. 391, 41 C.M.R. 391 (1970). Probable cause is established if those facts would cause a reasonable, prudent person to conclude that the items which are the subject of the search are located in the place to be searched. *United States v. Hennig*, 22 U.S.C.M.A. 377, 47 C.M.R. 229 (1973); *Whiting*, 13 M.J. at 806. After evaluating the information known by the Base Commander in this case, we do not believe probable cause existed to support the search of his quarters.

It has long been held by the Court of Military Appeals that possession by a person of drugs at one place offers no foundation for inferring that he has secreted drugs in another place. *United States v. Troy*, 22 U.S.C.M.A. 195, 46 C.M.R. 195 (1973); *United States v. Gibbins*, 21 U.S.C. M.A. 556, 45 C.M.R. 330 (1972); *United States v. Racz*, 21 U.S.C.M.A. 24, 44 C.M.R. 78 (1971); *United States v. Moore*, 19 U.S. C.M.A. 586, 42 C.M.R. 188 (1970); *United States v. Elwood*, 19 U.S.C.M.A. 376, 41 C.M.R. 376 (1970). Therefore, appellant's possession of marijuana in Urbana, Illinois, alone provides no basis for the search of his quarters, some fifteen miles away.

The only other information available to the Base Commander was evidence suggesting that the appellant possessed some form of drugs, probably marijuana, in Urbana, on several occasions during the preceding three weeks, the last time three days before his apprehension. The evidence would also seem to suggest, and the military judge found, that the amount of marijuana, although unknown, was presumably small and most likely for personal

use. There was nothing in the facts presented to the Base Commander that would suggest that the appellant was still in possession of marijuana. The Court of Military Appeals stated in *United States v. Johnson*, 23 M.J. 209, 212 (C.M.A.1987), that "[i]f the property sought is a controlled substance apparently intended for use or distribution, then it probably would not remain in a suspect's possession over a long time." Although the appellant had been to "Sandy's" house only three days before his apprehension, the fact that he was there purchasing a small amount of marijuana such a short time later reasonably indicates he probably no longer possessed any marijuana. Additionally, nothing in the facts provided to the Base Commander would lead to the reasonable belief that if any drugs were still in the appellant's possession that they would be found in the appellant's quarters. "[P]robable cause requires more that the joinder of the likelihood that a person would use the place to be searched to conceal items he does not wish discovered with the suspicion that he has committed a crime." *United States v. Whiting*, 13 M.J. at 806, *citing United States v. Sam*, 22 U.S.C.M.A. 124, 46 C.M.R. 124 (1973). The information presented to the base commander does not support a finding of probable cause to search the appellant's quarters.

One final matter merits brief mention. Our review of this case disclosed that the record of trial and allied papers did not indicate whether the clemency materials submitted by the appellant were considered by the convening authority as required by Article 60(c)(2), UCMJ, 10 U.S.C. § 860(c)(2), and R.C.M. 1107(b)(3)(A)(iii). *See United States v. Craig*, 28 M.J. 321 (C.M.A.1989). As a result, we issued an order directing the United States to show cause why the action of the convening authority was not premature. In response thereto, the government has submitted an affidavit by the deputy staff judge advocate attesting that the clemency matters were included with the Staff Judge Advocate Recommendation and presented to the convening authority prior to his taking action in the case. In consideration of this affidavit, we are satisfied that the requirements cited above were duly met. *See United States v. Youngren*, 28 M.J. 255 (C.M.A.1989) (summary disposition) and *United States v. Blanch*, 29 M.J. 672 (A.F. C.M.R.1989).

The finding of guilty of Specification 2 of the Charge is set aside and dismissed. Reassessing the sentence accordingly, we approve only so much thereof as extends to a dismissal, six months confinement, and forfeitures of $300.00 pay per month for six months. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

The findings of guilty and the sentence, both as modified, are correct in law and fact and, on the basis of the entire record, are

AFFIRMED.

Judges SPILLMAN and PRATT concur.