UNITED STATES, Appellee

v

TERRY D. CLIFFORD, Private First Class, U. S. Army, Appellant

19 USCMA 391, 41 CMR 391

*Captain Robert B. Harrison, III,* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent* and *Captain Lee A. Rau.*

*Captain Richard K. Bank* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant* and *Major Edwin P. Wasinger.*

## Opinion of the Court

DARDEN, Judge:

After a night's surveillance of the Seaview Motel, Futenma, Okinawa, military police investigators apprehended the appellant and a companion as they emerged from Room A–2 at about 8:00 a.m., April 23, 1968. Neither would permit a search of the room. The agents immediately obtained authorization to search from Clifford's commanding officer, however. A can, containing cigarette butts and a pipe, and a package, containing a green vegetable-like substance, were taken from the room. Laboratory tests of the seized material established that it was marihuana.

The appellant was charged with and convicted of wrongfully possessing marihuana on the date mentioned along with other offenses. Having unsuccessfully attempted at trial to suppress the introduction of the seized items into evidence as Prosecution Exhibits 3 and 4, the defense presently contends that the law officer erred in giving this adverse ruling.

The motion to suppress was originally considered by the law officer in an out-of-court hearing at the time of trial. The prosecution responded by calling the two agents involved. Warrant Officer Spangler related that a statement had been obtained from a youthful informer named Kaholokula on April 10, 1968. He had been involved with the authorities on an earlier occasion. This youth attested that he had purchased marihuana from the appellant ten or fifteen times and that he had smoked marihuana with him on numerous occasions, sometimes off post in a house known as "The Crib." The agents were given a map that located this dwelling. It was said to be a gathering place for marihuana users. Clifford was taken into custody at this address as he alighted from an automobile on April 12, 1968. Kaholokula had told authorities that the appellant carried marihuana strapped to his body. This time marihuana was found in his possession and under the seat of the car.

Observation of the appellant in the area of the Seaview Motel began later in April after it became known that a person fitting Clifford's description had rented Room A–2. Kaholokula had told the authorities that Clifford used an off-post residence and, at times, a rented hotel room to keep marihuana in when it became dangerous to do so in the barracks. Private First Class Keeler gave similar information when questioned by criminal investigators.

The statements of both of these informants were given to Clifford's commanding officer to be read. Spangler also informed him of the agents' belief that Clifford used the motel as a base for marihuana operations. Written authorization for the search was then given.

Major Ragland, Clifford's commanding officer, asserted in a deposition introduced during the out-of-court hearing that of the statements given him by Spangler, only those of Kaholokula, Keeler, and a girl named Gordon implicated Clifford in any way in marihuana dealings. He was also advised of the surveillance; of the numerous people, including a known "pusher," seen going in and out of the room at the Seaview Motel; and that Clifford had been apprehended for possessing marihuana earlier in April. He did not know that marihuana was in the hotel room "[f]or a fact." He believed "that any residence Clifford was occupying, whether a room or a house, there was a possibility there might be some warijuana [sic] there."

The purpose of a complaint, the Supreme Court said in Aguilar v Texas, 378 US 108, 112, 12 L Ed 2d 723, 84 S Ct 1509 (1964), is:

" '. . . [T]o enable the appropriate magistrate . . . to determine whether the "probable cause" required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion. . . .' "

In assessing the adequacy of the factual basis for the search authorization, an appellate court ■ may look only to those facts known to Major Ragland instead of to the "totality of the information known to the agents." United States v McFarland, 19 USCMA 356, 358, 41 CMR 356 (1970); Aguilar v Texas, supra; Spinelli v United States, 393 US 410, 21 L Ed 2d 637, 89 S Ct 584 (1969).

We do not doubt the credibility of the confidants used in this case or the reliability of the information ■ tion obtained from them. Their statements are confessions of prior misconduct that sometimes involved the appellant. One statement may be verified against another. Because these reports were against the interest of the makers, we are inclined to believe them. United States v Goldman, 18 USCMA 389, 40 CMR 101 (1969). Replete with detail, they apprised the commanding officer of the circumstances attending the informants' relationship with the appellant. Yet within the realm of probable cause they are nonetheless inadequate, because none of the statements the Major read connected the appellant with possession of marihuana at the motel. The statements of Kaholokula and Keeler are silent on this aspect, while that of Miss Gordon largely concerns marihuana activities at "The Crib." Only once does she refer to the motel, then regarding a December 1967 beer party without mentioning Clifford's presence.[1]

Beyond these statements, the surveillance of the motel room independently reflects only the many visitors to the motel room, a traffic we consider as not contributing to a showing of criminal action. Warrant Officer Spangler conceded on cross-examination that he did not know what had taken place in Clifford's motel room on April 22 before the latter's arrest the next morning. This agent was "simply suspicious."

Major Ragland received "no basis," much less a "substantial one," for crediting the belief that Clifford probably possessed marihuana at the motel on the date of the search. Mere suspicion is not an adequate foundation for a finding of probable cause. A

---

[1] Authorities took a statement from Miss Ueno showing that she had once accompanied a boy to the motel. After going inside he returned saying that Clifford had wanted him to smoke marihuana. Hearsay does not per se invalidate an application to search. United States v Price, 17 USCMA 566, 571, 38 CMR 364 (1968); United States v McFarland, 19 USCMA 356, 41 CMR 356 (1970). This record is devoid of even a suggestion that Major Ragland saw her statement, however.

search founded upon mere suspicion is illegal and the fruits thereof inadmissible. United States v Penman, 16 USCMA 67, 36 CMR 223 (1966), and the cases that opinion cites; United States v Elwood, 19 USCMA 376, 41 CMR 376 (1970).

Accordingly, the Court of Military Review decision as to the Additional Charge is set aside and dismissed. The record of trial is returned to the Judge Advocate General of the Army. The Court of Military Review may reassess the sentence on the basis of the remaining findings of guilty.

Chief Judge QUINN and Judge FERGUSON concur.