UNITED STATES

v.

Sergeant Gary L. WEEKLEY, FR 276–52–1069 57th Combat Support Squadron USAF Tactical Fighter Weapons Center (TAC).

ACM S24512.

U. S. Air Force Court of Military Review.

Sentence Adjudged 4 April 1977.

Decided 14 Sept. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain William D. Byassee.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Lieutenant Colonel Michel Levant, USAFR.

Before BUEHLER, Senior Judge, and HERMAN and ORSER, JJ.

## DECISION

BUEHLER, Senior Judge:

Contrary to his pleas, the accused was convicted by a special court-martial, military judge alone, of one specification of wrongful possession of marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence is a bad conduct discharge, confinement at hard labor for two months, forfeiture of $50.00 per month for two months and reduction to the grade of airman.

Appellate defense counsel assign one error:

THE MILITARY JUDGE ERRED IN DENYING THE DEFENSE OBJECTION TO PROSECUTION EXHIBIT 2, A STIPULATION OF FACT IDENTIFYING A SUBSTANCE FOUND IN APPELLANT'S HOME AS MARIJUANA, AS THIS EXHIBIT DESCRIBED FRUITS OF AN ILLEGAL SEARCH— NOT FOUNDED ON PROBABLE CAUSE—AND IS THEREBY INADMISSIBLE.

The search complained of was authorized by the base commander Colonel Quane, based on hearsay information conveyed to him by his first sergeant, Chief Master Sergeant Millar. The source of Millar's information was a security policeman who worked in law enforcement. The informant voluntarily reported to Millar at approximately 7:30 A.M. on the 31st of January 1977 that he had been present in the accused's on-base family quarters on the previous evening, and, while there, observed two to three pounds of marihuana in an orange suitcase located in a bedroom. No further details were furnished by the informant. Millar, accompanied by the informant, went immediately to Colonel Quane's office. The informant did not enter the commander's office, but remained in the area. Millar then relayed the information given him by the informant. Prior to authorizing the search Colonel Quane did not speak to the informant or conduct an investigation into the report.

When a search is authorized based on hearsay information it is a well settled rule that:

two things must be shown in order for information given by an informant to furnish a sufficient foundation for an arrest or exercise of authority to search. First, there must be circumstances laid out on the record tending to prove the reliability of the informant. Secondly, there must be circumstances demonstrating that the items sought to be seized were on the person of the individual apprehended or at the place to be searched.

*United States v. Llano*, 23 U.S.C.M.A. 129, 48 C.M.R. 690 (1974), at page 691, citing *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

In *Llano*, the search authorizing official when testifying on the issue of probable cause, referred to the informant only as, "a member of his unit whom he considered to be a reliable source". The United States Court of Military Appeals held the search to be invalid finding the record totally devoid of the underlying circumstances that led the authorizing official to believe his informant was reliable. Appellate defense counsel argue that *Llano* is dispositive of the present search issue.

We disagree.

■ Although the record indicates that the informant's reliability had not been previously tested, it nevertheless sets forth sufficient underlying circumstances from which Colonel Quane could reasonably conclude that the informant was reliable. Among these circumstances are: (1) he was personally acquainted with the informant and had known him for about 10 months;

(2) he was aware that he was a security policeman working in law enforcement; (3) he had spoken to him about his career progression and was aware of his performance both on and off duty; (4) he had engaged in discussions with him on other subjects some 10 to 25 times in the past; (5) he knew he did not have an unfavorable information file; (6) he considered him a "sparkling" young airman who was "way above average" when compared to other airmen in his command; (7) the informant was an eye witness.[1] We thus find that the first of the two pronged *Llano* iterated rule was satisfied.

Appellate defense counsel also contend that the second requirement of the *Llano* iterated rule was not fulfilled, i. e., that the authorizing official was not informed of the underlying circumstances relied on by the person providing the information.

Again, we disagree.

In commenting on the second requirement the United States Court of Military Appeals wrote:

> The authorizing official cannot rest on an unexplained conclusion of even the person seeking authority. . . . *A fortiori*, the authorizing official must have more than a conclusion of a third party only relayed by the person who sought the authority. (citations omitted)

*United States v. Lidle*, 21 U.S.C.M.A. 455, 45 C.M.R. 229 (1972), at page 231. We are not here dealing with an unexplained conclusion of an informant. Colonel Quane was informed of the facts on which the conclusion was based, namely: the informant's presence in the accused's home the prior evening, and his personal observation while there of two to three pounds of marihuana in a suitcase. *United States v. Scott*, 49 C.M.R. 213, (A.F.C.M.R.1974); see also *United States v. Menser*, 247 F.Supp. 826 (D.C.1965); *Aguilar v. Texas*, supra; *United States v. Harris*, 403 U.S. 573, 91 S.Ct.

2075, 29 L.Ed.2d 723 (1971); *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

■ Appellate defense counsel also complain that, since Colonel Quane was not informed of the basis for the informant's conclusion that the substance he observed was marihuana, the search was grounded on mere suspicion.

We similarly find no merit in this claim. Here, the informant was positive in his assertion that he "saw" marihuana. The quantity described was large enough to be easily observed without careful or close scrutiny. It was contained in a suitcase, a container not normally used for substances in any way resembling marihuana.

■ In determining whether the probable cause that makes a search reasonable within the meaning of the Fourth Amendment is present, courts review the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). In this regard, Colonel Quane testified:

> I didn't think that it was difficult to assess whether it was marihuana or not. I think the majority of young men that have the opportunity to see it identify it. I didn't think there was a question whether it was or was not a controlled substance at that time.

■ Furthermore, information furnished the search authorizing official is not intended to establish the existence of guilt either prima facie, or beyond a reasonable doubt but only that the probabilities weigh in the Government's favor and thus justify the invasion of privacy. *United States v. Scarborough*, 23 U.S.C.M.A. 51, 48 C.M.R. 522 (1974); *United States v. Spinelli*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

---

1. There is authority for the proposition that when the information is communicated to the authorizing official by a witness to the crime who comes not from the criminal milieu, the requirement to establish credibility of the informant is less. *United States v. Harris*, 403 U.S.

573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) (J. Harlan dissenting.); see also *United States v. Dingwell*, 1 M.J. 594, (A.C.M.R.1975) and cases cited therein; *United States v. Bradley*, 50 C.M.R. 608 (N.C.M.R.1975) and cases cited therein.

See also *United States v. Smallwood*, 22 U.S.C.M.A. 40, 46 C.M.R. 40, 43 (1972) (concurring opinion). We are satisfied that the observation provided by the informant regarding the presence of marihuana in the accused's quarters meets this standard.

For the reasons stated, we find that the military judge did not err in admitting into evidence Prosecution Exhibit 2. We further find that the errors set forth in trial defense counsel's rebuttal to the review of the staff judge advocate[2] to be without merit. The findings of guilty and the sentence are

AFFIRMED.

HERMAN and ORSER, Judges, concur.

---

2. *United States v. Goode*, 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975).