**UNITED STATES, Appellee,**

v.

**Private First Class William A. DENNIS, 533–64–1357, United States Army, Appellant.**

**CM 435807.**

U. S. Army Court of Military Review.

14 Dec. 1977.

Lieutenant Colonel John R. Thornock, JAGC, Major Benjamin A. Sims, JAGC, and Captain Richard A. Pearson, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Major Steven M. Werner, JAGC, Captain Richard A. Kirby, JAGC, and Captain James H. Anderson, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of possessing slightly less than three pounds of marihuana in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to Private E–1.

■ The assigned error concerns the legality of the search in which the marihuana was discovered. The appellant's contention has three facets. First, he maintains there was no probable cause to search because no facts were related to the authorizing official showing the reliability of the informant. Second, he argues that a commander-authorized search does not meet the constitutional requirement of approval by a neutral and detached magistrate. Finally, he states that, assuming a commander may legally authorize a search, a general delegation of authority to a group (battalion staff duty officer) is unreasonable. The Government not only contends otherwise on each of these points, but also raises the automobile exception as a basis for the search.*

■ We agree with appellant that the authorizing official, the staff duty officer, did not have sufficient information as to the credibility of the informant to support a finding of probable cause. He was told only that the informant was reliable, receiving no information on which he could independently reach that conclusion. *United States v. Houston*, 23 U.S.C.M.A. 200, 48 C.M.R. 952 (1974).

■ The reliability test may be met not only by establishing the credibility of the informant but by establishing the reliability of the informant's information. Paragraph 152, Manual for Courts-Martial, United States, 1969 (Revised edition); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 542 (1969); *United States v. Ness*, 13 U.S.C.M.A. 18, 32 C.M.R. 18 (1962); *United States v. Beebe*, 47 C.M.R. 386 (A.C. M.R.1973). Here, the informant related the make, model and color of the car in which the marihuana was located; he identified the license tags as being from a particular state; he described the appellant in detail; and he stated the marihuana was in a brown paper bag on the floor of the back seat on the passenger's side. After the appellant arrived on post, parked in the company area and departed, the military police checked the car and verified each detail to be correct, save one—the make of the car. Appellant's car was a Pontiac

---

* At trial, in addition to the current contention that the search was based on probable cause and authorized by a person with duly delegated authority, the Government contended there was also consent to search. The military judge ruled there was no consent. The facts on which his ruling was based are as follows: in response to the staff duty officer's request to the appellant for permission to search his car, the appellant asked the duty officer what he should do. Although the duty officer stated two or three times that it was appellant's decision and he should make up his own mind, he also told him that if he was caught, he should pay the price; and he might as well get it over with as they would be able to search the car eventually. These latter comments effectively negated the proper response otherwise given. Under these circumstances we think the military judge's ruling was correct.

rather than a Chevrolet but the body styles were identical. Inside the car the military police noted some baggies, commonly used to package marihuana for distribution, and roll-your-own cigarette papers, a necessary item for smoking. Not only did the military police relay this corroborating information to the staff duty officer, but that official personally viewed the car to confirm it. Thus, we find the corroboration of detail sufficient to satisfy the reliability test and to support a finding of probable cause.

As to appellant's contention that a commander is *per se* disqualified to authorize a search because he could never qualify as a neutral and detached magistrate, we hold otherwise for the reasons stated in *United States v. Anderson*, 4 M.J. 664 (A.C. M.R.1977). The argument on delegation of authority also gives us little pause. Such delegation is permitted by paragraph 152, MCM, 1969 (Rev.), provided it is exercised reasonably and impartially. *United States v. Weaver*, 9 U.S.C.M.A. 13, 25 C.M.R. 275 (1958); *United States v. Drew*, 15 U.S.C. M.A. 449, 35 C.M.R. 421 (1965). It may not be delegated to a law enforcement official. *United States v. Neloms*, 48 C.M.R. 702 (A.C.M.R.1974). Here, the delegation was made to the occupant of a particular office for the period of his incumbency. His was not a law enforcement position and there was nothing to indicate that he would act other than fairly and impartially. We find this exercise of judicial authority analogous to the part time magistrate in the civilian community who operates his business during certain hours and dispenses justice during others.

We agree with the Government that as an alternative basis for the search, the military police had authority to search the automobile without a warrant based upon probable cause plus exigent circumstances. *See Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); *United States v. Garcia*, 3 M.J. 927 (A.C.M.R.1977). The language of the Supreme Court of the United States in the recent case of *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), is appropriate here:

"Our treatment of automobiles has been based in part on their inherent mobility, which often makes obtaining a judicial warrant impracticable. Nevertheless, we have also sustained 'warrantless searches of vehicles . . . in cases in which the possibilities of the vehicle's being removed or evidence in it destroyed were remote, if not non-existent.' *Cady v. Dombrowski*, 413 U.S. 433, 441–442, 93 S.Ct. 2523, 2528, 37 L.Ed.2d 706 (1973); accord *South Dakota v. Opperman, supra*, 428 U.S. [364] at 367, 96 S.Ct. [3092], at 3095 [49 L.Ed.2d 1000]; *see Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Chambers v. Maroney, supra; Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). "The answer lies in the diminished expectation of privacy which surrounds the automobile:

'One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects. . . . It travels public thoroughfares where both its occupants and its contents are in plain view.' *Cardwell v. Lewis*, 417 U.S. 583, 590, 94 S.Ct. 2464, 2469, 41 L.Ed.2d 325 (1974) (plurality opinion)." 97 S.Ct. at 2484.

Accordingly, we find the search was also valid under the automobile exception to the requirement for a warrant. No authorization was necessary.

The findings and sentence are affirmed.

Judge MITCHELL and Judge DeFORD, concur.