**UNITED STATES**

v.

**Airman Basic Mark D. EDIE, FR 116–52–1027, United States Air Force.**

**ACM S24575.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Oct. 1977.

Decided 23 May 1978.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before EARLY, ORSER and ARROWOOD, Appellate Military Judges.

## DECISION

ARROWOOD, Judge:

A search of the accused's automobile disclosed some of the government tools which are the subject of the larceny charge before us. It is contended that the search was illegal in that the information furnished the deputy base commander who authorized the search was insufficient to establish the reliability of the informants. We agree.

On 12 August, Agent Long, a special investigator with the Air Force Office of Special Investigations (OSI) requested search authorization from the deputy base commander.[1] He advised that he had been separately informed by two individuals that they had seen what they believed to be government tool boxes and tools, including jack stands and a hydraulic axle jack, in the trunk of the accused's car. One informant observed him using the tools to work on his car in the commissary parking lot on the 9th and 10th, the other observed him on the 10th. Long also informed him 10 tool boxes were missing from the tool crib, but that the reliability of the two informants was unknown.

Independent investigation by the agent revealed that the accused owned a 1969 Pontiac GTO with Utah license and had

---

1. The memorandum, as it relates to the search in question, states: ". . . SA Long developed information that a number of toolboxes (approximately 17), tools and related equipment, has been missing from the Bench Stock Tool Crib located in Hangar 45, 388th OMS. Two separate individuals stated EDIE has been seen in possession of a toolbox and equipment believed to be from the tool crib (latest; afternoon of 10 Aug. 77). The tool box and related equipment was (sic) being used by EDIE to work on his POV parked in the HAFB Commissary Annex parking lot. SJA opined probable cause existed to authorize a search of EDIE's POV . . ."

received non-judicial punishment for two offenses of stealing.

■ It is clearly established that when information which is the foundation for the exercise of the authority to search is supplied by an informant, circumstances must be laid out on the record tending to prove the reliability of the informant. *United States v. Guerette,* 23 U.S.C.M.A. 281, 49 C.M.R. 530 (1975); *United States v. Llano,* 23 U.S.C.M.A. 129, 48 C.M.R. 690 (1974). See *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *United States v. Penman,* 16 U.S.C.M.A. 67, 36 C.M.R. 223 (1966). The honesty and reliability of the informant may be determined by showing to the authorizing authority that the informant is credible or that his informant is reliable. *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971); *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); *United States v. Martin,* 3 M.J. 744 (A.C.M.R.1977); *United States v. Buchanan,* 49 C.M.R. 620 (A.C.M.R.1974), pet. den., 50 C.M.R. 903 (1975).

■ The problem we perceive in this case is not that there was insufficient evidence *available* to provide the necessary probable cause to search, but that the record of trial does not affirmatively show that such information was given to the authorizing authority prior to his action. The informants obtained their knowledge through personal observation of the accused, and the circumstances of how they gained such information provided a basis for establishing the reliability of their statements. *United States v. Harris* ; *Jones v. United States,* both supra. Substantially the same detailed information was given, apparently independently, by both informants. Each story tended to corroborate the other, and, hence, reduced the chances of fabrication. *United States v. Clifford,* 19 U.S.C.M.A. 391, 41 C.M.R. 391 (1970); *United States v. Clapp,* 45 C.M.R. 864 (N.C.M.R.1971). A point by point comparison of their statements to the authorizing authority would have added further credibility to both. The investigator did determine that the accused had a car, as described by the informants, registered to him. *United States v. Guerette,* supra.

However, the agent failed to inform the authorizing authority of the identity of the informants or the fact that both had previously made signed, sworn statements. Had this additional information been given to the authorizing authority, we have no doubt that the search authorization would have been supported by probable cause.[2]

Problems such as this can be avoided by commander coordination with the staff judge advocate prior to authorizing searches.[3] It is common practice for the investigator to discuss the supportive facts with the staff judge advocate before he goes to the commander to request search authority. We encourage such coordination between the investigator and the staff judge advocate. However, as in this case, the agent may fall into the trap of failing to relate to the commander *all* the information that he previously told the staff judge advocate. The commander falls into a similar trap by relying on the investigator's assurance that the staff judge advocate believed there was sufficient information to provide probable cause, rather than making

2. For examples of providing reliability see *United States v. Dennis,* 4 M.J. 765 (A.C.M.R.1977); *United States v. Weekley,* 3 M.J. 1065 (A.F.C.M.R.1977); *United States v. Martin,* 3 M.J. 744 (N.C.M.R.1977); *United States v. Davis,* 2 M.J. 1005 (A.C.M.R.1976); *United States v. Chavez Maldonado,* 2 M.J. 1238 (A.F.C.M.R.1976).

3. Problems of this nature could be eliminated if commanders, investigators and staff judge advocates would adhere to the requirements of paragraph 1–8a, Air Force Manual 111–1, 2 July 1973, which states:

Prior to granting a request of an investigative agency for authority to conduct a search and/or seize, commanders should obtain legal advice from their servicing legal office. If possible, the legal advisor should be present at the time the investigator presents to the commander the facts and circumstances intended to establish probable cause. However, if this is impractical, the commander should obtain legal advice on the matter by telephone prior to acting on such a request.

his own independent judgment based on the facts presented to him.

The failure to identify the informants, or to in some way establish their reliability, is dispositive of this case in spite of the other evidence presented. Therefore, the tools discovered during the search of the accused's car were improperly admitted into evidence.

The remaining assignments of error are without merit.

■ Accordingly, the finding of guilty of Specification 1, Charge II, is modified to reflect a value in excess of $50.00. The modification of the finding requires that we reassess the sentence. Having done so, we find appropriate only so much of the sentence as provides for a bad conduct discharge. The findings of guilty and the sentence, both as modified are

AFFIRMED.

EARLY, Chief Judge, and ORSER, Judge, concur.