UNITED STATES

v.

**Airman Basic Steven J. CONQUEST, FR 381–64–6446 United States Air Force.**

ACM S24787.

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 May 1979.

Decided 28 Jan. 1980.

---

3. See *United States v. Moore, supra,* footnote 2, at 754.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert T. Mounts.

Before EARLY, POWELL and ARROWOOD, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Contrary to his pleas, the accused was convicted by a special court-martial, military judge alone, of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C.A. § 921. The approved sentence extends to a bad conduct discharge, confinement at hard labor for five days, a fine of $500.00, and in lieu of payment of the fine, to be further confined at hard labor for one month.

Appellate defense counsel invite our attention to the error asserted by the accused in his request for appellate representation and assign one error. As to the latter, we find it to be without merit. See *United States v. Kehrli*, 44 C.M.R. 582 (A.F.C.M.R. 1971), *pet. denied*, 44 C.M.R. 940 (1972).

In his assertion, the accused contends that there was no probable cause to search his room. We disagree.

Late in the evening the accused was sitting with two British ladies at a table in the base non-commissioned officers' club. The victim of the larceny left her purse on the floor at the table to dance. The accused and the other lady remained at the table talking. According to the witness, the accused bent over to pick up his coat and departed hurriedly. When the victim returned to the table, she found her purse missing. She reported the loss to the Security Police. A club employee identified the accused as being the person sitting at the table. The security police investigator took a statement from the victim, and made

a check of the area outside of the club including the trash receptacles. Finding nothing, he contacted the base legal office and the base commander requesting permission to search the accused's room. This was given. The investigator then went to the accused's barracks, and, "on a hunch," checked the trash receptacle outside. There he found the purse and some of its contents. He then went to the accused's room where the accused's roommate informed him that the accused was next door playing cards. The investigator apprehended the accused and took him to the security police office. There the victim identified the accused and the purse, and accounted for all the missing items except for 20 British Pounds in cash, a checkbook, a cigarette lighter and two ball point pens. The investigator again contacted the base commander, related the new information and again requested permission to search the accused's room. The base commander, finding that probable cause was present, authorized the search and the missing items were found there.[1]

We have no difficulty in finding that the evidence establishes that the accused was "most probably" the culprit in the larceny. It is the remaining question of whether there was sufficient evidence related to the commander to establish that the stolen property was "probably" in the accused's room which is the crux of the case. *United States v. Walters,* 22 U.S.C.M.A. 516, 48 C.M.R. 1 (1973).

Although both the base commander and the police investigator testified during the Article 39a, Code, *supra,* 10 U.S.C.A. § 839(a) hearing, their statements added little to the information contained on the "Authority to Search and Seize" which was signed the next day. That document contains an identification of the accused, his dormitory room number, and the specific property then known to be missing from the purse. On the reverse is a resume of the information presented to the base commander. In pertinent part it relates that:

the victim left her purse on the floor of the club when she left the table to dance; when she returned, the purse was missing; her companion stated that the accused was sitting at the table at the time; the accused got up from his chair, bent over in the direction of the purse, and departed "very fast"; a physical description of the individual at the table matched the accused; a club employee identified the accused as being at the table; the investigator found the missing purse in a "dumpster" at the side of the accused's barracks; the accused had been apprehended; the victim inventoried the purse and identified the missing items; the base legal office was contacted; and, based upon the above, the base commander gave permission to search the accused's room.

 In determining whether probable cause existed, we are limited to the information presented to the authorizing official. *United States v. Burden,* 5 M.J. 704 (A.F.C.M.R.1978); *United States v. Damitz,* 495 F.2d 50 (9th Cir. 1974). What must be shown is that the authorizing official had facts before him that would lead a reasonable, prudent person to conclude that the matter for which the search is to be made constitutes evidence of a crime, and, that such matter is at the place to be searched. *United States v. Burden, supra; United States v. Hennig,* 22 U.S.C.M.A. 377, 47 C.M.R. 229 (1973); *United States v. Alston,* 20 U.S.C.M.A. 581, 44 C.M.R. 11 (1971). In analyzing these facts, "we deal only with the probabilities that 'are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.'" *United States v. Harris,* 403 U.S. 573, 582–3, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971), quoting *Brinegar v. United States,* 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). Or, to put the test another way:

We find no connection affecting the second search. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

---

1. Since no action was taken pursuant to the first search authorization, we need not discuss it here. However, see *United States v. Whittler,* 23 U.S.C.M.A. 121, 48 C.M.R. 682 (1974).

[A]ffidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts towards warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.

*United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

Here ample evidence existed that the accused had perpetrated the theft. Where the victim reports an offense, less corroboration than might otherwise be needed may satisfy probable cause requirements. *United States v. Alston*, 20 U.S.C.M.A. 581, 44 C.M.R. 11 (1971). While we might, in the calm of chambers, think of other information which probably was available and could have been presented to the authorizing official,[2] we find that what was presented sufficiently establishes probable cause to believe that the stolen property would be found in the accused's room. Of special significance is the conclusive identification of the accused by the victim; his proximity to the item taken; his sudden departure; the finding of the purse near his barracks; the brief time span between the theft and the search; the nature of the property taken; and the fact that the accused was found in a room adjacent to his own room. Further, we commend the care taken by the investigator in seeking authority for his action. On the basis of these facts and the record as a whole, we find that probable cause existed for the search and that the judge did not err in admitting the fruits of the search. *United States v. Philpot*, 47 C.M.R. 705 (A.F.C.M.R.1973), pet. denied, 48 C.M.R. 1000 (1974).

2. i. e.: Was the accused searched at time of apprehension; did he have a car; did the roommate see anything; did the accused enter the room before going next door? However, the test is *probable cause* not *prima facie* showing

The findings of guilty and the sentence are

AFFIRMED.

ARROWOOD and MILES, Judges, concur.

of guilt beyond a reasonable doubt. *United States v. Damitz*, 495 F.2d 50 (5th Cir. 1974); *Jones v. United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).