## UNITED STATES

v.

**Airman Basic Robert G. BAUR, FR 129–52–1860 United States Air Force.**

**ACM 22687.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 Dec. 1979.

Decided 27 Feb. 1981.

---

Appellate Counsel for the Accused: Mr. Robert E. Davis, Leavenworth, Kansas, Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston and Wing Commander Peter J. Birtles, RAAF.

Before ARROWOOD, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

KASTL, Judge:

Tried by a general court-martial, military judge alone, the accused was found guilty of various offenses involving larceny, forgery, possession of marijuana, assault, and impersonation of an officer, in violation of Articles 121, 123, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 923, 928, and 934. He was sentenced to a dishonorable discharge, confinement at hard labor for two years and six months, and forfeiture of all pay and allowances.

On appeal, the accused argues that the military judge erred in connection with one of the larceny charges by admitting into evidence $237.00 discovered during a search of the accused's barracks room. Regarding that charge, the pivotal legal question before us is this: Did the base commander have probable cause to authorize a search of the accused's barracks room? We find that he did and affirm.

### I

On the evening of Sunday, 1 July 1979, Airman Sandra Barnett was having a drink with the accused at the Sheppard Air Force Base Airmen's Club. During their conversation, she asked the accused to watch her purse while she went to the restroom; she informed him that her purse contained travel pay which she had just received, along with some current pay. She was gone about five minutes; the accused was still there when she returned. No one else joined them during the evening.

After leaving the Club, Airman Barnett discovered that the money from her purse, approximately $375.00, was missing. She quickly reported the loss to the Security Police and made a written statement. The Security Police investigator then requested the base commander to authorize a search of both the accused and his room.

The commander was specifically advised that: (1) The victim and the accused were together at the Club from approximately 2100–2300 hours on 1 July; (2) she had informed the accused about her travel pay and had entrusted her purse to him while she went to the restroom; (3) only the accused and the victim had access to the purse; (4) the money was missing; and (5) the accused lived in an on-base dormitory. The commander's authorization to search was given at approximately 0100 hours on 2 July. During the room search, the $237.00 subsequently admitted at trial was found under the accused's refrigerator.

## II

■■■ A search authorization is valid only if the issuing official possesses facts leading a prudent person to conclude that evidence of a crime is probably at the place, or on the person, to be searched. *United States v. Jeter*, 21 U.S.C.M.A. 208, 44 C.M.R. 262, 263 (1972) and *United States v. Burden*, 5 M.J. 704 (A.F.C.M.R.1978). Three helpful considerations for reviewing courts seeking to apply this standard have been stated succinctly by Chief Judge Early in *United States v. Conquest*, 8 M.J. 741 (A.F.C.M.R.1980). First, in determining whether probable cause existed, we are limited to information presented to the authorizing official.[1] Second, in analyzing this information, we deal with non-technical probabilities—the factual and practical considerations of everyday life upon which reasonable and prudent men, not legal technicians, act.[2] Finally, when the victim reports an offense, less corroboration than might otherwise be needed may satisfy probable cause requirements.[3]

## III

■■■ Based on the totality of facts in the case at bar and the guidance set out in *Conquest*, we hold that the data known to the base commander was clearly sufficient to support his determination that probable cause existed to search the accused's room. Among the factual and practical considerations upon which a prudent, reasonable commander could act were these:

(1) The accused was the prime—indeed, the only—suspect. The victim had the money when she arrived at the Airmen's Club; only the accused knew the cash was in her purse and had a clear opportunity to steal it.

(2) The information was timely, the search request occurring within approximately two hours of the loss and at a time when the suspect would have had little time to dispose of the cash elsewhere.

(3) The nature of cash is such that his barracks room was a logical and easy place in which to hide it. Conversely, its fungible nature suggests that cash could not easily be secreted elsewhere on base, particularly late on a Sunday night.

(4) Sheppard Air Force Base is a technical training center and the accused was a young student there. It was reasonable to assume that, after drinking at the Club, an airman without other companions would "return home" to his assigned room to sleep by midnight or 0100 hours.

(5) Speed was essential. During daylight hours, money could far more easily be spent or hidden in duty areas, off base, or elsewhere.

(6) This was not a general exploratory search, but a search for a specific sum of money reported lost by the victim.

To summarize: We find that the information presented to the base commander sufficiently established probable cause for him to believe that the stolen cash would be found in the accused's room or on his person. The search which emanated from the commander's determination of probable

1. *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) and *United States v. Burden*, 5 M.J. 704 (A.F.C.M.R.1978).

2. *United States v. Harris*, 403 U.S. 573, 582–583, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971).

3. *United States v. Alston*, 20 U.S.C.M.A. 581, 44 C.M.R. 11 (1971).

cause was in all respects reasonable. Accordingly, the judge did not err in admitting the fruits of that search. *United States v. Walters*, 22 U.S.C.M.A. 516, 48 C.M.R. 1 (1973); *United States v. Jeter, supra; United States v. Philpot*, 47 C.M.R. 705 (A.F.C.M.R.1973). *See also United States v. Land*, 10 M.J. 103, 104–105 (C.M.A. 1980) and *United States v. Middleton*, 10 M.J. 123, 131 (C.M.A.1981). *See generally* LaFave, *Search and Seizure*, Section 3.2 (1978).

We have considered the remaining assignments of error and have resolved them adversely to the accused, and we have determined the sentence to be appropriate.

The findings of guilty and the sentence are

AFFIRMED.

ARROWOOD, Senior Judge, and MAHONEY, Judge, concur.